# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIDELINA RANGEL, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FOREST RIVER, INC., an Indiana Corporation, et al.,<br><br>Defendants. | Case No. EDCV 17-0613 JFW (SS)<br><br>**MEMORANDUM AND ORDER RE:**<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**(Dkt. No. 18)** |

The Court has received and considered the parties' Stipulated Protective Order (the "Proposed Order"). (Dkt. No. 18). The Court cannot adopt the Proposed Order as drafted by the parties. The parties may submit a revised proposed stipulated protective order, but must correct the following deficiencies.

First, the Proposed Order fails to include an adequate statement of good cause. (Proposed Order at 1, ¶ 1-2). The Court may only enter a protective order upon a showing of good cause. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1176 (9th

Cir. 2006) (parties must make a "particularized showing" under Rule 26(c) for the court to enter protective order); Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-12 (9th Cir. 2002) (Rule 26(c) requires a showing of good cause for a protective order); Makar-Wellbon v. Sony Electrics, Inc., 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing).

In any revised proposed stipulated protective order submitted to the Court, the parties must include a statement demonstrating good cause for entry of a protective order pertaining to the documents or information described in the order. The paragraph containing the statement of good cause should be preceded by a heading stating: "GOOD CAUSE STATEMENT." The parties shall articulate, for each document or category of documents they seek to protect, the specific prejudice or harm that will result if no protective order is entered. Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003).

Second, the Proposed Order is overbroad. (Proposed Order at 4, ¶ h). A protective order must be narrowly tailored and cannot be overbroad. Therefore, the documents, information, items or materials that are subject to the protective order shall be described in a meaningful and specific fashion (for example "personnel records," "medical records," or "tax returns," etc.). Here, the parties define confidential information as "all originals and copies of any document and/or information that any party has designated as such by stamping or otherwise marking each page

2

'CONFIDENTIAL.'" (Id.). This definition does not clearly place the parties or the Court on notice of the specific documents covered by the Proposed Order. As such, the definition is overbroad. The documents subject to a protective order must be particularly defined and described. The parties may submit a revised proposed stipulated protective order, but must correct this deficiency.

In the alternative, if the parties seek a "blanket" protective order, as opposed to an order protecting individually-identified documents, the stipulation must state the justification for this type of protective order. See Blum v. Merrill Lynch Pierce Fenner & Smith, Inc., 712 F.3d 1349, 1352 n.1 (9th Cir. 2013) (defining a "blanket" protective order as an order that is obtained without "making a particularized showing of good cause with respect to any individual document") (citing Foltz, 331 F.3d at 1138); Perry v. Brown, 667 F.3d 1078, 1086 (9th Cir. 2012) (blanket protective orders often cover materials that would not qualify for protection if subjected to individualized analysis).

Third, a protective order may not bind the Court or its personnel. (Proposed Order at 4, ¶ 5). Any revised proposed stipulated protective order may not include language that binds the Court or obligates Court personnel to act in a certain manner in relation to confidential documents.

Fourth, the Court will not agree to the procedures the parties propose in the event of a dispute regarding the designation of confidential information. (Proposed Order at 5, ¶ 1-2). In the

event of a dispute regarding the designation of confidential information, the procedure for obtaining a decision from the Court is that set forth in Local Rule 37. If the parties want to file the Joint Stipulation required by Local Rule 37 under seal, the parties may file a stipulation to that effect or the moving party may file an ex parte application making the appropriate request. The parties must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal.

Fifth, parties must follow procedures from Local Rule 79 for submitting confidential information to the court. (Proposed Order at 9-10, ¶ n). If confidential material is included in any papers to be filed in Court, such papers shall be accompanied by an application pursuant to Local Rule 79, to file the papers – or the confidential portion thereof – under seal. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing applications shall be lodged under seal.

The Court advises the parties that all future discovery documents shall include the following in the caption: "[**Discovery Document: Referred to Magistrate Judge Suzanne H. Segal**]." Finally, the Court notes that its website (see http://www.cacd.uscourts.gov) contains additional guidance regarding protective orders and a sample protective order. This information is available in Judge Segal's section of the link marked "Judges' Procedures & Schedules."

The parties may submit a revised Stipulation and [Proposed] Protective Order for the Court's consideration.

IT IS SO ORDERED.

DATED: June 29, 2017

                                                       /S/
                                        SUZANNE H. SEGAL
                                        UNITED STATES MAGISTRATE JUDGE