Paul K. Haines (State Bar No. 248226)
phaines@haineslawgroup.com
Fletcher W. Schmidt (State Bar No. 286462)
fschmidt@haineslawgroup.com
HAINES LAW GROUP, APC
2274 East Maple Avenue
El Segundo, California 90245
Tel: (424) 292-2350
Fax: (424) 292-2355

Attorneys for Plaintiff
FIDELINA RANGEL


Maureen K. Bogue (State Bar No. 194755)
maureen@pacificemploymentlaw.com
Noah Levin (State Bar No. 263069)
noah@pacificemploymentlaw.com
PACIFIC EMPLOYMENT LAW LLP
101 California Street, Suite 2300
San Francisco, CA 94111
Tel.: (415) 985-7300
Fax: (415) 985-7301

Attorneys for Defendant
FOREST RIVER, INC.

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIDELINA RANGEL as an individual and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>vs.<br><br>FOREST RIVER, INC., an Indiana Corporation; and DOES 1 through 100,<br><br>          Defendants. | Case No. 5:17-cv-0613 JFW (SSx)<br><br>**CLASS ACTION**<br><br>**STIPULATED PROTECTIVE ORDER – CONFIDENTIAL DESIGNATION**<br><br>**[DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE SUZANNE H. SEGAL]**<br><br>Complaint Filed:   February 2, 2017 |

1

**STIPULATED PROTECTIVE ORDER – CONFIDENTIAL DESIGNATION**
**[DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE SUZANNE H. SEGAL]**
**Case No. 5:17-cv-0613 JFW (SSx)**

## PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private personal information, including personal contact and payroll information, for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, by and between Plaintiff Fidelina Rangel, as an individual and on behalf of all others similarly situated ("Plaintiff"), and Defendant Forest River, Inc. ("Defendant") (collectively, "the parties"), by and through their respective undersigned counsel of record, the parties HEREBY STIPULATE AND AGREE AND PETITION THE COURT to enter the following Stipulated Protective Order.

The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in paragraph 2(n), below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## GOOD CAUSE STATEMENT

This action is likely to involve the disclosure by Defendant of (1) personal and private contact information, including addresses, telephone and cell phone numbers, and email addresses for Defendant's current and former employees who may be identified as putative class members in this class action lawsuit; (2) payroll and other financial information and documents pertaining to Defendant's current and former

employees who may be identified as putative class members in this class action lawsuit; (3) non-public documents and/or information concerning Defendant's finances, including financial reports, profit and loss statements, and financial projections; (4) non-public documents and/or information concerning Defendant's business policies, internal business procedures and operational practices; and (5) non-public documents and/or information containing Defendant's trade secrets and non-public technical and/or proprietary information. As set forth below, good cause exists to provide these categories of documents and information, (1) through (5), with special protection from public disclosure and from use for any purpose other than for prosecution of this action.

Specifically, if no protective order is entered to protect these categories of documents and information, the following harm and prejudice will result:

As to category (1), the disclosure of personal and private contact information, including addresses, telephone and cell phone numbers, and email addresses for Defendant's current and former employees who may be identified as putative class members in this class action lawsuit would cause harm to these individuals to the extent that they are not yet parties to this lawsuit, they may communicate their desire to have no part of the proceedings and have no communication with counsel in this case, and/or may choose to opt out of any proceedings, but nonetheless – without the protections of this Stipulated Protective Order – would have their addresses, telephone numbers and email addresses made public. Further, these individuals' telephone and cell phone numbers, addresses, email addresses, and employment information are not already a matter of general public record, and disclosure of such information would likely implicate the privacy rights and interests of wholly unrelated third parties, for example other family members who share a telephone number or email address or residence address with the employee. Defendant's current and former employees were required to provide their contact information to Defendant in exchange for and in the course of their employment with Defendant, and they provided such information with the

understanding that Defendant would safeguard this information and their rights to privacy as required by law. Finally, as set forth in greater detail at paragraph 3, *infra*, the disclosure, handling and dissemination of this category of information and documents (which will be identified specially as "Confidential Class Contact Information" when disclosed by Defendant) are subject to *especially strict limitations*. These limitations reflect the parties' agreement and legitimate concerns about safeguarding these individuals' private and sensitive contact information, the disclosure of which could lead to embarassment.

As to category (2), the disclosure of payroll and other financial information and documents pertaining to Defendant's current and former employees who may be identified as putative class members in this class action lawsuit would cause harm to these individuals because it would include information pertaining to those employees provided to Defendant with the understanding that Defendant would safeguard their rights to privacy in their finances, their income and benefits, as required by law. Further, such disclosure would cause harm to Defendant's competitive business position and interests as it would make public and potentially available to Defendant's competitors, Defendant's payroll, pay rates, benefits information, job classifications and current staffing in designated positions and locations for thousands of current and former employees.

As to category (3), the disclosure of non-public documents and/or information concerning Defendant's finances, including financial reports, profit and loss statements, and financial projections, would cause harm to Defendant's competitive business position and interests as it would make this non-public financial information public and potentially available to Defendant's competitors and others in the industry. Such information and documents are not generally known to the public.

As to category (4), the disclosure of non-public documents and/or information concerning Defendant's business policies, internal business procedures, and operational

practices, would cause harm to Defendant's competitive business position and interests as it would make this non-public information public and potentially available to Defendant's competitors and others in the industry. Such information and documents are not generally known to the public.

As to category (5), the disclosure of non-public documents and/or information containing Defendant's trade secrets, technical and/or proprietary information would cause harm to Defendant's competitive business position and interests as it would make this non-public information public and potentially available to Defendant's competitors and others in the industry. Such information and documents are not generally known to the public.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address the handling of such information and documents at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## DEFINITIONS AND PROVISIONS

The following definitions and provisions shall apply to and govern this Stipulation and Protective Order:

1. Documents and other discovery information that will be produced by the parties pursuant to this Stipulated Protective Order ("Order" or "Protective Order") may

be claimed by the parties to be of a private, confidential or proprietary nature. The purpose of this Order is to protect the confidentiality of these documents and information.

2. All documents and information produced in this case by the parties shall be protected from inappropriate disclosure in accordance with the following terms and conditions:

    a. The parties may, in good faith, designate as "Confidential" the following documents and other information:

        (1) Personal and private contact information, including addresses, telephone and cell phone numbers, and email addresses for Defendant's current and former employees who may be identified as putative class members in this class action lawsuit (*see* further information pertaining to this category of documents, *infra*, at paragraph 3);

        (2) Payroll and other financial information and documents pertaining to Defendant's current and former employees who may be identified as putative class members in this class action lawsuit;;

        (3) Non-public documents and/or information concerning Defendant's finances, including financial reports, profit and loss statements, and financial projections;

        (4) Non-public documents and/or information concerning Defendant's business policies, internal business procedures and operational practices; and

        (5) Non-public documents and information containing Defendant's trade secrets, technical and/or proprietary information.

b. All documents and other discovery information produced or disclosed by a party and designated "Confidential" shall be used solely for the purpose of "this action." "This action" specifically refers to the civil action entitled ***FIDELINA RANGEL, as an individual and on behalf of all others similarly situated, Plaintiff v. FOREST RIVER, INC., an Indiana corporation; and DOES 1 through 100, Defendants,*** filed in the United States District Court, Central District of California, Case No. 5:17-cv-0613 JFW (SSx).

c. Except in accordance with the terms of this Order or by further order of the Court, the "Receiving Party" (as defined in Paragraph 2(e) below) of any documents or information designated as "Confidential," shall not disclose or otherwise make available such "Confidential" information to persons other than "Qualified Persons" as defined in Paragraph 2(f).

d. "Producing Party" shall mean the party producing and designating the documents and/or information as "Confidential."

e. "Receiving Party" shall mean the party receiving the documents and/or information designated "Confidential."

f. "Qualified Person" means:

(1) A party to this action, an officer, director, employee or partner of a party or in-house counsel having direct responsibility for, working directly on, or testifying in connection with this action;

(2) Counsel of record for the parties and the legal assistants and regularly-employed office staff of the counsel of record for the parties;

(3) Persons hired by a party or its attorneys of record to provide

document services such as copying, imaging, and indexing of documents, to the extent reasonably necessary and who have executed a declaration in the form attached hereto as Exhibit A;

(4)    Persons retained by a party or its attorneys of record to assist in this action, such as independent accountants, expert witnesses, statisticians, economists, consultants, or other technical experts and/or consultants, who have executed a declaration in the form attached hereto as Exhibit A, which signed acknowledgement shall be retained by such party or its attorneys;

(5)    Actual or potential witnesses in this action who are assisting counsel in its prosecution or defense or whom counsel must advise concerning the status of this action who have executed a declaration in the form attached hereto as Exhibit A; however, execution of a written declaration is unnecessary if the witness is shown only "Confidential" documents and materials at a deposition after expressing on the record his or her consent to be bound by this Order; and

(6)    Any other person designated by the Court in the interest of justice, upon such terms as the Court deems proper.

g.    Unless prior written consent for further disclosure has been obtained from counsel for the parties or permission for such disclosure has been given by the Court, each "Qualified Person" with the exception of those identified in Paragraphs 2(f)(1), (2) and the latter part of (5) above, to whom delivery, exhibition or disclosure of any materials designated as "Confidential" is made, shall be provided with a copy

of this Order, and shall execute a declaration in the form attached hereto as Exhibit A.

h.   The "Confidential" documents and other information **identified above in paragraph 2(a)(1)-(5)** shall include all originals and copies of any document and/or information that any party has designated as such by stamping or otherwise marking each page "CONFIDENTIAL."  In lieu of marking the original, if the original is not produced, the designating party may mark the copies that are produced to exchange.  "Confidential" information also includes any portion of such "Confidential" documents, including any quotation from such documents, paraphrasing of such documents, and/or any other description which conveys the "Confidential" information contained therein.  Notwithstanding the foregoing, documents or other information produced and not so designated through mistake, inadvertence, or for any other reason shall likewise be deemed "Confidential."

i.   It is not necessary to challenge the propriety of a "Confidential" information designation at the time made, and a failure to do so shall not preclude a subsequent challenge to such a designation.

(1)   In the event that counsel objects at any stage of this litigation to the propriety of a designation by a party of any documents or information as "Confidential," **the parties shall comply with all procedures as set forth in Local Rules – Central District ("L.R.") Rules 37-1 through 37-4 with regard to such dispute**.

(2)   If the parties cannot resolve the dispute through the meet and confer process set forth in L.R. 37-1, both parties agree that

9

until the matter is heard and decided by the Court, any documents designated "Confidential" shall remain subject to the restrictions of this Order.

(3) If a dispute occurs over the designation, both parties agree not to disclose the information except in accordance with this Order until the Court rules on the "Confidential" status of the information.

j. "Confidential" information subject to this Order may be used in the deposition of the parties. Counsel for the "Producing Party" may request that examination of the parties on "Confidential" information be separately transcribed and sealed in accordance with the mutual agreement of the parties. In the event that counsel for the Receiving Party objects to having the examination on "Confidential" information separately transcribed and sealed, the parties shall first try to resolve such dispute in good faith on an informal basis. If the parties are still unable to resolve the dispute, the matter shall be submitted to the Court as set forth in L.R. 37. Until the matter is heard and decided by the Court, any portion of a transcript designated "Confidential" shall remain subject to the restrictions of this Order.

k. "Confidential" information subject to this Order may be used in the preparation for and the deposition of non-party witnesses when such witnesses may be deemed "Qualified Persons." Non-party witnesses are "Qualified Persons" if the provisions of this paragraph are met:

(1) If the non-party witness is voluntarily produced for the deposition by the "Producing Party" of the "Confidential"

10

information, the "Producing Party" is responsible for obtaining the witness's signature on the form attached hereto as Exhibit A.

(2)     If the non-party witness is voluntarily produced for the deposition by the "Receiving Party" of the "Confidential" information, the "Receiving Party" is responsible for obtaining the witness's signature on the form attached hereto as Exhibit A.

(3)     If the non-party witness is subpoenaed for his/her deposition by either party and the "Receiving Party" intends to disclose "Confidential" information to the witness prior to the taking of the deposition, the "Receiving Party" is responsible for obtaining the witness's signature on the form attached hereto as Exhibit A and providing the "Producing Party" with the copy of that form at the time of the deposition. Otherwise, the party who has subpoenaed the witness is responsible for obtaining the witness's signature on the form attached hereto as Exhibit A at the time of the deposition.

(4)     In lieu of signing Exhibit A, a non-party witness may acknowledge reviewing this Order and agreeing to its terms on the record during his or her deposition. If the non-party witness does not agree to sign Exhibit A or affirm its terms on the record, the non-party witness may be shown the court reporter's or counsel's copy of the "Confidential" information for purpose of questioning only. The non-party witness will not be permitted to take possession of a copy of any of the "Confidential" information.

(5)  Objections to disclosure of "Confidential" information to a non-party witness shall be made promptly upon receipt of a notice of taking of deposition or as soon as the "Producing Party" is made aware of the "Responding Party's" intent to disclose "Confidential" information to such witness. To the extent possible and practicable, the parties shall meet and confer to resolve the dispute prior to the commencement of the deposition. The objecting party shall seek an order from the Court pursuant to L.R. 37 if the dispute is not resolved and the deposition shall be held in abeyance pending the Court's ruling. The "Receiving Party" agrees not to disclose the "Confidential" information until after the dispute is resolved.

(6)  Counsel for either party may request that the deposition testimony be separately transcribed and sealed during the examination of "Confidential" information. In the event that counsel for the Receiving Party objects to having the examination on "Confidential" information separately transcribed and sealed, the parties shall first try to resolve such dispute in good faith on an informal basis. If the parties are still unable to resolve the dispute, the matter shall be submitted to the Court pursuant to L.R. 37. Until the matter is heard and decided by the Court, any portion of a transcript designated "Confidential" shall remain subject to the restrictions of this Order.

(7)  Any deposition or production of documents that will or might reasonably include disclosure of "Confidential" information

shall be attended only by those persons entitled to receive "Confidential" information under this Order. "Confidential" information shall not be disclosed to a deposition witness except in conformity with this Order. Information not previously designated as "Confidential" that is disclosed at a deposition may be designated by any party as "Confidential" information by indicating on the record at the deposition that the testimony or information is "Confidential" and subject to the provisions of this Order.

l. "Confidential" information shall not be disclosed or made available by the "Receiving Party" to persons other than "Qualified Persons" and the Court and its staff without further order of the Court except as otherwise provided in this paragraph. Disclosure of any "Confidential" information to any "Qualified Person" shall not constitute a waiver of the confidential status of such "Confidential" information. Before disclosing any information designated "Confidential" to anyone other than "Qualified Persons," the "Receiving Party" must serve prior notice of the identity of that person and the information to be disclosed on the "Producing Party," as provided by this Order.

m. Where notice is required prior to disclosure of "Confidential" information (as described in the preceding paragraph), the disclosing party shall provide at least three (3) days' advance notice, in addition to statutory notice requirements, to allow objection by the "Producing Party." If objection is made, the parties shall meet and confer, and if unable to resolve the dispute, may submit the dispute to the Court for resolution in accordance with L.R. 37. When an

objection is made, no disclosure is permitted until the dispute is resolved or by the Court's order.

n. In the event that a party seeks to file with the Court any transcripts, depositions, exhibits, answers to interrogatories, and other documents and things which contain "Confidential" information as defined above, or any pleading or memorandum purporting to reproduce or paraphrase such information, such filing party shall comply with the procedures and standards set forth in L.R. 79-5 and seek the Court's approval (*see* L.R. 79-5.2.2) to file such documents UNDER SEAL.

o. If any party objects to disclosure of "Confidential" information to be made during the course of the trial of this matter, that party shall make a good faith effort to resolve the issue by meeting and conferring on the terms of disclosure, and if the parties are unable to agree, the matter shall be submitted to the Court for resolution.

p. Nothing in this Order, nor any action taken in compliance with it, shall:

   (1) Operate as an admission by the parties that any particular document, discovery material, deposition transcript, or discovery response is or is not confidential; or

   (2) Prejudice in any way the right of any party to seek a determination by the Court whether any particular document or other information should or should not be disclosed, or if disclosed, whether it should remain subject to the terms of this Order.

q. Upon final termination of this action, entitled ***FIDELINA RANGEL, as an individual and on behalf of all others similarly***

*situated, Plaintiff v. FOREST RIVER, INC., an Indiana corporation; and DOES 1 through 100, Defendants,* filed in the United States District Court, Central District of California, Case No. 5:17-cv-0613 JFW (SSx), by closure or otherwise, originals and copies of all materials and documents, in whatever form, constituting or including "Confidential" information shall be returned to the "Producing Party" upon notice and request of the "Producing Party." Alternatively, at the time of such final termination of this action, the parties may agree to destruction of such "Confidential" information.

r.    The undersigned counsel shall have the duty to use reasonable care and precautions to ensure that any person under their control or the control of their client who is designated as a "Qualified Person" observes the terms of this Order.

s.    The restrictions set forth in any of the preceding paragraphs shall not apply to information that: (a) was, is, or becomes public knowledge in a manner not in violation of this Order; (b) was or is acquired in good faith from a third party not a party to this litigation, having the right to disclose such information; or (c) was or is discovered independently by the "Receiving Party."

t.    Sanctions may be imposed on any individual granted access to "Confidential" information under this Order who uses such "Confidential" information for any purpose other than in connection with this action or in any manner which otherwise violates the terms of this Order.

u.    "Confidential" information that is proprietary in nature, or information, the disclosure of which could subject the "Producing

Party" to a potential loss of business advantage, shall not be disclosed to any person or entity that is in business competition with the "Producing Party" except by the Court's order, including those persons who meet the definition of a "Qualified Person."

3.      As a special category of "Confidential" documents and information to be protected by this Stipulated Protective Order, Defendant may produce to Plaintiff's attorneys of record the private contact information for putative class members, set forth in paragraph (2)(a)(1) above, which will be designated by Defendant as "Confidential Class Contact Information." Such "Confidential Class Contact Information" shall be specially protected from inappropriate disclosure in accordance with the following terms and conditions:

a.      All documents and information produced by Defendant to Plaintiff's counsel and designated by Defendant as "Confidential Class Contact Information" (see paragraph 2(a)(1), *supra*), including all information learned from any putative class member contacted by Plaintiff's counsel or counsel's representatives (as identified below in subsection (3)(b)(1)) by using such "Confidential Class Contact Information" produced by Defendant's counsel, shall be used solely for the purpose of this action and may not be used for any other purpose outside of this action, entitled ***FIDELINA RANGEL, as an individual and on behalf of all others similarly situated, Plaintiff v. FOREST RIVER, INC., an Indiana corporation; and DOES 1 through 100, Defendants,*** filed in the United States District Court, Central District of California, Case No. 5:17-cv-0613 JFW (SSx).

b.      Access to and/or disclosure of the private contact information designated as "Confidential Class Contact Information" shall be permitted only to the persons listed below in subsections (b)(1)-(4),

and may not be disseminated to any third party under any circumstances, except in accordance with this Order or by further order of the Court. Plaintiff's counsel of record shall not disclose or otherwise make available the documents or private contact information contained in documents designated as "Confidential Class Contact Information" to any persons other than:

(1) Plaintiff's attorneys of recording in "this action" and their affiliated paralegals, clerical and secretarial staff;

(2) The Court, including its staff, court reporters, and persons operating video recording equipment during court proceedings;

(3) Any other person that Defendant's counsel agrees to in writing and in advance of any such disclosure; and

(4) Any other person designated by the Court in the interest of justice, upon such terms as the Court deems proper.

c. Documents and information designated as "Confidential Class Contact Information" shall include all originals and copies of any document and/or information that Defendant has designated as such by stamping or otherwise marking each page "CONFIDENTIAL CLASS CONTACT INFORMATION." In lieu of marking the original, if the original is not produced, Defendant may mark the copies that are produced to Plaintiff's counsel. "Confidential Class Contact Information" information also includes any portion of such "Confidential Class Contact Information" documents, including any quotation from such documents, paraphrasing of such documents, and/or any other description which conveys the "Confidential Class Contact Information" contained therein. Notwithstanding the

foregoing, documents or other information containing the private contact information for putative class members produced by Defendant to Plaintiff's counsel of record and not so designated by Defendant through mistake, inadvertence, or for any other reason shall likewise be deemed "Confidential Class Contact Information".

d.  With regard to Plaintiff's counsel's contacting of any putative class member identified in the documents designated as "Confidential Class Contact Information", upon making contact Plaintiff's counsel shall inform each such individual that he or she has the right not to talk to counsel and that if that right is exercised, counsel will immediately terminate the contact and will not re-contact the individual.  Further, Plaintiff's counsel will keep a written record listing all putative class members contacted using the "Confidential Class Contact Information" and will keep a written record of all individuals who exercised their right not to talk to counsel.  Such records will be preserved by Plaintiff's counsel so that they may be filed with the Court upon request.

e.  In the event that Plaintiff's counsel objects to the propriety of a designation of information as "Confidential Class Contact Information", the parties shall first try to resolve such dispute in good faith on an informal basis.  If the parties are still unable to resolve the dispute, the matter shall be submitted to the Court as set forth in L.R. 37.  Until the matter is heard and decided by the Court, any documents designated "Confidential Class Contact Information" shall remain subject to the restrictions of this Order, and Plaintiff agrees not to disclose the information except in accordance with this

Order until the Court rules on the "Confidential Class Contact Information" status of the information.

    f.    Upon the final resolution of "this action", Plaintiff's counsel agrees to destroy all documents designated as "Confidential Class Contact Information", including all documents and copies containing such "Confidential Class Contact Information", and to provide written certification to Defendant's counsel that all such documents and copies have been destroyed.

    g.    Sanctions may be imposed on any individual who is granted access to "Confidential Class Contact Information" under this Order who uses such "Confidential Class Contact Information" for any purpose other than in connection with "this action" or in any manner which otherwise violates the terms of this Order.

4.    Nothing in this Order shall be deemed to impair the parties' right to object to the production of documents or information on any ground, including but not limited to an objection that the documents or information sought are privileged or otherwise protected from disclosure, or to demand more stringent restrictions for the treatment or disclosure of any documents or discovery information on any ground.

5.    All parties who subsequently appear in "this action" will be subject to this Order.

6.    After the termination of this action, the Court shall retain jurisdiction to issue any further orders to enforce the Order and preserve the confidentiality of all documents and information designated as "Confidential" and/or "Confidential Class Contact" information. Termination of the proceedings herein shall not relieve any person from the obligations of this Order, unless the Court orders otherwise.

7.    This Order may be executed in counterparts and, as executed, shall constitute one Order binding on all the parties hereto, even if all the parties are not

1   signatories to the original or the same counterparts.

2       8.      The parties intend for this Stipulation and Protective Order to be binding

3   and enforceable against them beginning at the time it is executed by their counsel even

4   though it may not yet be ordered by the Court.

5

6       **IT IS SO STIPULATED.**

7

8   Dated:  June 30, 2017                    PACIFIC EMPLOYMENT LAW LLP

9

10                                           By:   /s/ Noah Levin
                                                 Noah Levin
11                                               Attorneys for Defendant
                                                 FOREST RIVER, INC.

12

13  Dated:  June 30, 2017                    HAINES LAW GROUP, APC

14

15                                           By:   /s/ Fletcher W. Schmidt
                                                 Fletcher W. Schmidt
16                                               Attorneys for Plaintiff
                                                 FIDELINA RANGEL

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

## CERTIFICATION RE DOCUMENTS AND INFORMATION
## DESIGNATED AS "CONFIDENTIAL"

I hereby acknowledge that I,

_____[NAME], _____

_____ [POSITION AND EMPLOYER], am about to

receive Confidential Documents and/or Information supplied in connection with this

civil action entitled *FIDELINA RANGEL, as an individual and on behalf of all*

*others similarly situated, Plaintiff v. FOREST RIVER, INC., an Indiana corporation;*

*and DOES 1 through 100, Defendants,* filed on February 2, 2017 in the United States

District Court, Central District of California, Case No. 5:17-cv-0613 JFW (SSx). I

acknowledge the jurisdiction of the Court, and agree to be bound by the jurisdiction of

the Court.

I certify that I understand that the "Confidential" documents and/or information

are provided to me subject to the terms and restrictions of the Stipulation and Protective

Order filed in this Proceeding. I have been given a copy of the Stipulation and

Protective Order, which I have read, and I agree to be bound by its terms.

I understand that "Confidential" documents and/or information, as defined in the

Stipulation and Protective Order, including any notes or other records that may be made

regarding any such materials, shall not be disclosed to anyone except as expressly

permitted by the Stipulation and Protective Order. I will not copy or use, except solely

for the purposes of this Proceeding, any "Confidential" documents and/or information

obtained pursuant to this Protective Order, except as provided therein or otherwise

ordered by the Court in this action.

I further understand that I am to retain all copies of all "Confidential" documents

provided to me in this action in a secure manner, which are to remain in my personal

custody until termination of my participation in this action, whereupon such copies will

be returned to counsel who provided me with such materials.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. Executed this _____ day of _____, 20__, at _____.

_____
Signature

_____
Title

_____
Address

_____
City, State, Zip

_____
Telephone Number